GEORGE FOGY (SBN 202202)
**LAW OFFICES OF GEORGE FOGY**
7940 CALIFORNIA AVENUE
FAIR OAKS, CA 95628
TEL: (916) 631-7722
EMAIL: GFOGY@FOGYLAW.COM

ATTORNEYS FOR PLAINTIFF
JEAN LOGAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN LOGAN,<br><br>Plaintiff,<br><br>vs.<br><br>USA WASTE OF CALIFORNIA, INC., a Delaware corporation; BARRY SKOLNICK, an individual; MARK SCHWARTZ, an individual,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR:**<br>1. **WRONGFUL TERMINATION**<br>2. **HARASSMENT**<br>3. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT HARASSMENT**<br>4. **GENDER DISCRIMINATION**<br>5. **RETALIATION**<br>6. **VIOLATION OF CALIFORNIA FAIR PAY ACT** |

1

## JURISDICTION

1. The United States District Court for the Eastern District of California has original jurisdiction of this matter pursuant to 28 U.S.C. section 1332(a) because this matter involves citizens of different states, and the amount in controversy exceeds $75,000.00. Specifically, Plaintiff JEAN LOGAN is a resident of the State of California; Defendant USA WASTE OF CALIFORNIA, INC. is a Delaware corporation with its principal place of business in Houston, Texas; Defendant BARRY SKOLNICK is a citizen of the State of Nevada; and Defendant MARK SCHWARTZ is a citizen of the State of Texas.

2. The amount in controversy in this matter exceeds $75,000.00 because Plaintiff JEAN LOGAN seeks, *inter alia*, lost wages damages based on her wrongful/constructive termination of employment on March 25, 2016; at the time of her wrongful/constructive termination on March 25, 2016, Plaintiff JEAN LOGAN earned an annual salary that exceeded $75,000.00; had Plaintiff JEAN LOGAN remained employed with USA WASTE OF CALIFORNIA, INC. from March 25, 2016 through at least May 1, 2017, Plaintiff JEAN LOGAN would have earned approximately $166,350.73 ($12,796.21/month x 13). Additionally, Plaintiff JEAN LOGAN seeks an award of emotional distress damages, punitive damages, and attorney's fees pursuant to the California Fair Employment and Housing Act. Accordingly, the amount in controversy exceeds $75,000.00.

## VENUE

3. Venue is appropriate in the United States District Court for the Eastern District of California in Sacramento, California pursuant to 28 U.S.C. section 1331(b)(2) because the Eastern District of California is the judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred. Specifically, Plaintiff JEAN LOGAN was employed by Defendant USA WASTE OF CALIFORNIA, INC. in a Company office initially located in Gold River, California, and subsequently moved to Lodi, California.

## PARTIES

4. Plaintiff JEAN LOGAN is a citizen of the State of California and at all relevant times has resided in Yuba City, California. Plaintiff JEAN LOGAN formerly was employed as the HR Director Northern California-Nevada. Plaintiff JEAN LOGAN was employed by Defendant USA WASTE OF CALIFORNIA, INC. from April 2003 until her wrongful constructive termination on March 25, 2016.

5. Defendant USA WASTE OF CALIFORNIA, INC. is a Delaware corporation with its principal place of business Houston, Texas. Defendant USA WASTE OF CALIFORNIA, INC. is an "employer" subject to the California Fair Employment and Housing Act, Government Code section 12940, *et seq*. *See* Government Code section 12926(d).

6. Defendant BARRY SKOLNICK was, at all relevant times, an employee of Defendant USA WASTE OF CALIFORNIA, INC., and Plaintiff JEAN LOGAN's direct supervisor from approximately 2012 through the end of Plaintiff's employment with Defendant USA WASTE OF CALIFORNIA, INC. During the time period that Defendant BARRY SKOLNICK supervised Plaintiff JEAN LOGAN, Mr. SKOLNICK's job title was Area Vice President. Plaintiff JEAN LOGAN is informed and believes and on that basis states that Defendant BARRY SKOLNICK is now the Chief Executive Officer of Defendant USA WASTE OF CALIFORNIA, INC.

7. Defendant MARK SCHWARTZ was, at all relevant times, an employee of a Waste Management-related entity (identity unknown) with the job title Senior Vice-President of Human Resources. Plaintiff JEAN LOGAN is informed and believes and on that basis states that Defendant MARK SCHWARTZ "retired" from Waste Management in approximately December of 2016.

8. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the remaining Defendants.

## STATEMENT OF FACTS

9. Plaintiff JEAN LOGAN was hired by Defendant USA WASTE OF CALIFORNIA, INC. in April 2003 into the position of Sacramento/Nevada HR Manager. Plaintiff initially earned an annual salary of $80,000, including health benefits, three weeks of paid vacation, inclusion in the Company Management Incentive Program, as well as the opportunity for annual bonuses and stock grants. At the time she was hired by Defendant, Plaintiff JEAN LOGAN was 48 years old.

10. Plaintiff JEAN LOGAN performed her job as Sacramento/Nevada HR Manager in an exemplary manner, and received merit pay increases and positive job performance evaluations throughout her employment with Defendant USA WASTE OF CALIFORNIA, INC.

11. In approximately the second quarter of 2012, Defendant USA WASTE OF CALIFORNIA, INC. reorganized certain parts of the company's management structure. As a

result of the internal reorganization, Plaintiff JEAN LOGAN was promoted to the position of Human Resources Director North California Nevada. Additionally, in approximately September of 2012, Plaintiff JEAN LOGAN began reporting directly to Defendant BARRY SKOLNICK, the Area Vice President.

12. Throughout her employment with Defendant USA WASTE OF CALIFORNIA, INC., and specifically during her tenure at the company reporting to Defendant BARRY SKOLNICK, Plaintiff JEAN LOGAN witnessed a variety of inappropriate and derogatory comments about herself and her coworkers by Defendant BARRY SKOLNICK. Specifically, Defendant SKOLNICK used nicknames for his direct reports, rather than calling his subordinates by their names. For example, Defendant SKOLNICK referred to Plaintiff JEAN LOGAN as "Jean Jean the Dancing Machine," which Plaintiff JEAN LOGAN interpreted as a derogatory and demeaning nickname that Defendant SKOLNICK used for her because she is a woman. Additionally, Defendant SKOLNICK repeatedly referred to an employee of Jewish-descent as "Moses" because the employee had a habit of not wearing socks. Plaintiff JEAN LOGAN understood the "Moses" nickname as a derogatory and demeaning comment about her coworker because the coworker was Jewish. Other times, Defendant SKOLNICK would refer to a particular male employee with the first name "Mickey" by reciting the 1981 pop song "Mickey" by singer Toni Basial by singing "Oh Mickey, you're so fine, you're so fine, you blow my mind, Oh Mickey!" Plaintiff JEAN LOGAN understood Defendant SKOLNICK's use of the "Oh Mickey" song as a derogatory and demeaning reference to the male employee because of the employee's gender. Defendant SKOLNICK also frequently and repeatedly referred to a female employee named April Puhaida by the nickname "Poo Bear," in a manner that Plaintiff JEAN

LOGAN understood to be a derogatory and demeaning reference to the pronunciation of the female employee's surname.

13.     In approximately the first quarter of 2013, the Human Resources Manager assigned to the San Francisco Bay Area resigned from Defendant USA WASTE OF CALIFORNIA, INC. Defendant SKOLNICK informed Plaintiff JEAN LOGAN that he (Defendant SKOLNICK) asked the HR Manager to reconsider her resignation. When Plaintiff JEAN LOGAN asked Defendant SKOLNICK why he had done so, Defendant SKOLNICK responded to Plaintiff by telling Plaintiff that the company "needs younger talent" in the organization. Defendant JEAN LOGAN understood Defendant SKOLNICK's comment to be an expression of animus against employees over the age of 40, including herself.

14.     In the first quarter of 2015, Defendant JEAN LOGAN received her annual Performance Evaluation for 2014, completed by her supervisor, Defendant BARRY SKOLNICK. In the comments section of Plaintiff's Performance Evaluation for 2014 where her Supervisor was to identify any "Areas for Improvement," Defendant SKOLNICK did not list any substantive changes or improvements that Plaintiff JEAN LOGAN needed to make. Instead, Defendant BARRY SKOLNICK told Plaintiff to "[t]ry smiling more…." and further commented that "[y]ou are towards the end of your career...." Plaintiff JEAN LOGAN understood the comment to "smile more" to be a derogatory and demeaning comment about her gender; Plaintiff understood the comment that she was "towards the end of her career" to be a derogatory comment about Plaintiff's age.

15. After enduring Defendant SKOLNICK's discriminatory and harassing comments, words and actions for many months, Plaintiff JEAN LOGAN made an internal complaint to the Company alleging a hostile work environment based on her age and gender, as well as the ages and gender of her coworkers, in approximately the fourth quarter of 2015. Plaintiff JEAN LOGAN directed her internal complaint to the Director of Ethics and Compliance, Stella Raymaker. In so doing, Plaintiff provided Ms. Raymaker with the names of coworkers (including herself) that were exhausted by the constant, never-ending harassment perpetrated by Defendant BARRY SKOLNICK.

16. Plaintiff JEAN LOGAN is informed and believes and on that basis alleges that in response to her internal complaint to Ms. Raymaker, Ms. Raymaker interviewed several coworkers of Plaintiff. Eventually, the internal complaint and report prepared by Ms. Raymaker landed on the desk of Defendant MARK SCHWARTZ, the Senior Vice-President of Human Resources. Plaintiff is informed and believes and on that basis alleges that Stella Raymaker concluded her internal investigation at the direction of Executive Vice President and Chief Operating Officer because the investigation would make the Operations Team/Defendant SKOLNICK look bad. Defendant SCHWARTZ failed and refused to take action on the internal complaint by Plaintiff JEAN LOGAN, and instead ratified and approved the misconduct by Defendant SKOLNICK, despite Defendant MARK SCHWARTZ's alleged observation of Defendant SKOLNICK that Defendant SKOLNICK "was fucking crazy!"

17. After the internal investigation was abruptly terminated by the Company, Plaintiff is informed and believes and on that basis alleges that Defendant BARRY SKOLNICK discovered the names of the employees that had cooperated in the internal investigation and

7

provided statements to Ms. Raymaker concerning his alleged misconduct. Defendant BARRY SKOLNICK retaliated against some or all of those individuals by either forcing them out of the Company, or transferring the individuals to other areas of the Company that were not under the direction of Defendant BARRY SKOLNICK.

18. Plaintiff JEAN LOGAN had multiple conversations with Defendant MARK SCHWARTZ about Defendant BARRY SKOLNICK's inappropriate behavior in the workplace in 2015 and 2016. Defendant MARK SCHWARTZ knew that Plaintiff JEAN LOGAN had submitted an internal complaint to the Company about Defendant SKOLNICK's inappropriate behavior. Despite all the information provided to Stella Raymaker by Plaintiff, as well as the interviews conducted by Ms. Raymaker, Defendant MARK SCHWARTZ told Plaintiff that the Company did not have enough information in order to conduct an investigation. Defendant MARK SCHWARTZ also commented to Plaintiff that he was "surprised" that Plaintiff "has survived so long" working under Defendant SKOLNICK. Plaintiff JEAN LOGAN understood Defendant SCHWARTZ's comment that the Company lacked sufficient information to investigate as a Corporate ratification and approval of Defendant SKOLNICK's misconduct. Plaintiff understood Defendant SCHWARTZ's comment about "surviving" so long under the supervision of Defendant SKOLNICK as an admission that Defendant USA WASTE OF CALIFORNIA, INC. knew that Defendant SKOLNICK's misconduct at work violated Company policies and the law.

19. In approximately the first quarter of 2016, Plaintiff JEAN LOGAN spoke to the Assistant General Counsel for her work area, Mr. JEFF JUDD. Mr. JUDD told Plaintiff that he was aware of Plaintiff's internal complaint, and that Defendant MARK SCHWARTZ was now

in charge of processing the complaint. According to Mr. JUDD, Defendant MARK SCHWARTZ was "sitting" on the complaint and not taking any remedial action because Defendant MARK SCHWARTZ thought Plaintiff was simply "venting." Mr. JUDD asked Plaintiff "Do you really want this investigated?" Plaintiff JEAN LOGAN understood Mr. JUDD's comments and apparent reluctance to explore her complaints about Defendant SKOLNICK to be an expression of Corporate policy that Defendant USA WASTE OF CALIFORNIA, INC. was not interested in taking appropriate action to remediate the hostile work environment created by the misconduct of Defendant BARRY SKOLNICK.

20. Despite conducting an internal investigation, no one from the Company provided any written response to Plaintiff's internal complaint, despite repeated requests by Plaintiff.

21. Despite the internal investigation into Plaintiff JEAN LOGAN's complaint about Defendant SKOLNICK's misconduct, nothing about Defendant SKOLNICK's behavior at work changed. Instead, Defendant SKOLNICK began retaliating against Plaintiff JEAN LOGAN by excluding Plaintiff from important business meetings, hampering Plaintiff's ability to fulfill her job duties and responsibilities in an exemplary manner, as she had done throughout her employment with Defendant USA WASTE OF CALIFORNIA, INC.

22. On March 25, 2016, faced with the constant and continuing misconduct by Defendant BARRY SKOLNICK and the ratification and approval by Corporate management described above, Plaintiff JEAN LOGAN felt that the working conditions were so intolerable that a reasonable person in Plaintiff's position would have no reasonable alternative except to resign. In fact, Plaintiff JEAN LOGAN was forced to resign her employment on March 25, 2016, before she otherwise would have separated from the Company because of the inappropriate and

adverse working conditions created by Defendant SKOLNICK and ratified by Defendant USA WASTE OF CALIFORNIA, INC.

23.     Prior to filing suit, Plaintiff JEAN LOGAN exhausted her mandatory administrative remedies by filing a complaint of discrimination and harassment with the California Department of Fair Employment and Housing, and received a Right-to-Sue letter from the DFEH. Specifically, Plaintiff filed a DFEH complaint, and received a RTS letter, against Defendant BARRY SKOLNICK and Defendant MARK SCHWARTZ on January 26, 2017 (DFEH Matter Number: 840871-272089). Plaintiff filed a DFEH complaint, and received a RTS letter, against Defendant USA WASTE OF CALIFORNIA, INC. on February 7, 2017 (DFEH Matter Number: 840871-273737).

**FIRST CAUSE OF ACTION**
**(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**
**(Against Defendant USA WASTE OF CALIFORNIA, INC.)**

24.     As a first, separate, and distinct cause of action, Plaintiff complains about Defendant USA WASTE OF CALIFORNIA, INC., and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

25.     Plaintiff JEAN LOGAN was employed by Defendant USA WASTE OF CALIFORNIA, INC. from April 2003 until March 25, 2016.

26.     During her employment with Defendant USA WASTE OF CALIFORNIA, INC., Plaintiff JEAN LOGAN was subjected to working conditions that violated public policy, in that Plaintiff was forced to endure constant unfair and unjustified criticism, severe and pervasive inappropriate and derogatory comments about her appearance, age and gender, as well as

inappropriate and derogatory remarks about the appearance, age, gender, and nationality/religion of other employees in the workplace, by Defendant BARRY SKOLNICK, and others, all in violation of the public policy of the State of California expressed in the California Fair Employment and Housing Act, California Government Code section 12940, *et seq.*

27. Defendant USA WASTE OF CALIFORNIA, INC. intentionally created or knowingly permitted these working conditions, even after Plaintiff JEAN LOGAN made a confidential complaint to the Company pursuant to the Company's internal "Integrity Hotline."

28. The working conditions experienced by Plaintiff JEAN LOGAN at Defendant USA WASTE OF CALIFORNIA, INC. were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

29. Plaintiff JEAN LOGAN resigned on March 25, 2016 because of these intolerable working conditions, and suffered harm as a result thereof.

30. The intolerable working conditions experienced by Plaintiff JEAN LOGAN were a substantial factor in cause Plaintiff's harm.

31. As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from anxiety, emotional distress, worry, and special damages (to include lost wages) all to her special and general damages according to proof at the time of trial.

32. Defendant USA WASTE OF CALIFORNIA, INC. did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination in violation of public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

33. All actions of Defendant USA WASTE OF CALIFORNIA, INC. its employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers and/or managing agents of Defendant USA WASTE OF CALIFORNIA, INC. Therefore, Plaintiff is entitled to punitive or exemplary damages against Defendant USA WASTE OF CALIFORNIA, INC., in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
### (GENDER/AGE HARASSMENT)
### (Against All Defendants)

34. As a second, separate, and distinct cause of action, Plaintiff complains about all Defendants and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

35. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code section 12940, et seq., was in full force and effect and was fulling binding upon Defendants. Specifically, California Government Code section 12940(j)(1) prohibits an employer from harassing an employee on the basis of the employee's sex and age, as well as other protected bases.

36. The actions of Defendant USA WASTE OF CALIFORNIA, INC., by and through its employees Defendant BARRY SKOLNICK and Defendant MARK SCHWARTZ, towards Plaintiff JEAN LOGAN and towards Plaintiff's co-workers, created a hostile work environment which materially altered Plaintiff's working conditions and which constitutes illegal harassment in violation of California Government Code section 12940(j)(1).

37. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, front pay, equity, benefits and other compensation.

38. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

39. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION
### (FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT HARASSMENT)
### (Against Defendant USA WASTE OF CALIFORNIA, INC.)

40. As a third, separate, and distinct cause of action, Plaintiff complains about Defendant USA WASTE OF CALIFORNIA, INC. and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

41. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code section 12940, *et seq.*, was in full force and effect and was fully binding upon Defendants. Specifically, California Government Code section 12940(k) makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent harassment from occurring.

42. As described above, Plaintiff JEAN LOGAN made an internal complaint to Defendant USA WASTE OF CALIFORNIA, INC. regarding the unlawful, inappropriate and harassing comments and behavior of Defendant BARRY SKOLNICK. Defendant USA WASTE OF CALIFORNIA, INC. failed to adequately investigate Defendant SKOLNICK's misconduct

at work, failed to take all reasonable steps to prevent him from harassing Plaintiff and others, and did not discipline or take any action against Defendant SKOLNICK in response to Plaintiff's internal complaint. Accordingly, Defendant USA WASTE OF CALIFORNIA, INC. failed to take all reasonable steps necessary to prevent harassment from occurring in violation of California Government Code section 12940(k).

43. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, front pay, equity, benefits and other compensation.

44. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

45. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

**FOURTH CAUSE OF ACTION**
**(GENDER/AGE DISCRIMINATION)**
**(Against Defendant USA WASTE OF CALIFORNIA, INC.)**

46. As a fourth, separate, and distinct cause of action, Plaintiff complains about Defendant USA WASTE OF CALIFORNIA, INC. and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

47. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code section 12940, *et seq.*, was in full force and effect and was fully binding upon Defendants. Specifically, California Government Code section 12940(a) makes it an unlawful employment practice for an employer to discriminate against any employee in compensation or in terms, conditions, or privileges of employment.

48. The actions of Defendant BARRY SKOLNICK, Defendant MARK SCHWARTZ and Defendant USA WASTE OF CALIFORNIA, INC. discriminated against Plaintiff JEAN LOGAN in the terms, conditions and privileges of employment. As a result, Defendant USA WASTE OF CALIFORNIA, INC. engaged in illegal discrimination against Plaintiff JEAN LOGAN, and others, on the basis of age and gender.

49. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, front pay, equity, benefits and other compensation.

50. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

51. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## FIFTH CAUSE OF ACTION
### (RETALIATION)
### (Against Defendant USA WASTE OF CALIFORNIA, INC.)

52. As a fifth, separate, and distinct cause of action, Plaintiff complains about Defendant USA WASTE OF CALIFORNIA, INC. and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

53. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code section 12940, *et seq.*, was in full force and effect and was fulling binding upon Defendants. Specifically, California Government Code section 12940(h) makes it an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden by the FEHA.

54. On multiple occasions in 2015 and 2016, Plaintiff JEAN LOGAN opposed the harassing behavior of Defendant BARRY SKOLNICK and Defendant MARK SCHWARTZ. In response to Plaintiff's opposition to Defendants' misconduct, Defendants harassed and discriminated against Plaintiff JEAN LOGAN, including increasing the intensity of the hostile work environment in an illegal effort to force Plaintiff to resign her employment.

55. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic damages including back pay, front pay, equity, benefits and other compensation.

56. As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

57. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA EQUAL PAY ACT)
### (Against Defendant USA WASTE OF CALIFORNIA, INC.)

58. As a sixth, separate, and distinct cause of action, Plaintiff complains about Defendant USA WASTE OF CALIFORNIA, INC. and re-alleges all of the allegations in the Complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

59. At all times herein mentioned, the California Equal Pay Act, California Labor Code section 1197.5, was in full force and effect and fully binding on Defendant USA WASTE OF CALIFORNIA, INC. Specifically, the California Equal Pay Act requires employers to pay equal pay to male and female employees who perform substantially similar work, when viewed as a composite of skill, effort and responsibility and performed under similar working conditions.

60. Throughout her employment with Defendant USA WASTE OF CALIFORNIA, INC., Plaintiff JEAN LOGAN performed her job duties in an exemplary manner.

61. Despite her excellent job performance, Defendant USA WASTE OF CALIFORNIA, INC. willfully and intentionally compensated Plaintiff at a wage rate less than the rates paid to employees of the opposite sex for substantially similar work, when viewed as a composite of skill, effort and responsibility, and performed under similar working conditions.

62. Plaintiff JEAN LOGAN is informed and believes and on that basis alleges that the differential between the wage rate she received and the wage rate that male employees received for substantially similar work was not based, in whole or in part, upon any of the following criteria: a) a seniority system; b) a merit system; c) a system that measures earnings by quantity or quality of production; or d) a bona fide factor other than sex.

63. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered economic damages, including lost wages, back pay and interest thereon, as well as liquidated damages equal to the amount of lost wages. *See* Labor Code section 1197.5(b).

64. As a direct, foreseeable and proximate result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame and embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For money judgment for mental pain, anguish and emotional distress, according to proof;

2. For general, presumed and special damages based upon damages to Plaintiff's professional and personal reputation;

3. For a money judgment representing compensatory damages including lost past and future wages and all other sums of money, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff, according to proof;

4. For an award of punitive damages against any and/or all Defendant(s);

5. For costs of suit, including attorney's fees under any applicable statutory basis;

6. For prejudgment interest, according to statute;

7. For costs of suit according to statute; and

8. For any other relief that is just and proper.

## JURY TRIAL DEMANDED

Plaintiff JEAN LOGAN demands a trial of all issues by jury.

DATED: June 1, 2017                                          LAW OFFICES OF GEORGE FOGY

By:_____
GEORGE FOGY
Attorney for Plaintiff
JEAN LOGAN