1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10   JEAN LOGAN,                        No.  2:17-cv-01154-JAM-CKD

11                  Plaintiff,

12        v.                            **ORDER SUSTAINING AWARD OF COSTS**

13   USA WASTE OF CALIFORNIA, INC.
     a Delaware corporation; BARRY
14   SKOLNICK, an individual; MARK
     SCHWARTZ, an individual,
15
                    Defendants.
16

17        Plaintiff Jean Logan sued her former employer USA Waste of

18   California, Inc. and former supervisor Barry Skolnick (together,

19   "Defendants") for wrongful termination and age and gender

20   harassment and discrimination.  This Court granted Defendants'

21   Motion for Summary Judgment and taxed costs against Plaintiff.

22   See ECF Nos. 47, 49, 52.  Plaintiff now moves this Court to

23   review and deny the award of costs.  Mot., ECF No. 53.

24        For the reasons set forth below, this Court DENIES

25   Plaintiff's motion and sustains the award of costs.[1]

26   _____

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for February 19, 2019.

                              1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On November 20, 2018, following a hearing, this Court granted Defendants' Motion for Summary Judgment, finding as a matter of law Plaintiff could not sustain her claims of gender or age harassment or of failure to prevent harassment, and that she had conceded all other asserted claims.  ECF Nos. 47, 49.  On December 4, 2018, pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Local Rule 292, Defendants filed their Bill of Costs requesting the clerk to tax costs in the amount of $6,735.41 as verified by counsel and supported by an Itemized Statement of Costs.  ECF Nos. Doc. 50, 51.  Plaintiff did not submit objections to the Bill of Costs within seven days, and on December 12, 2018, the clerk taxed costs against Plaintiff in the amount of $6,735.41.  ECF No. 52.

On December 19, 2018, Plaintiff moved this Court to review the taxing of costs pursuant to Local Rule 292(e), arguing the gross disparity in financial resources between Plaintiff and Defendants makes the imposition of costs inequitable.  Mot., ECF No. 53.  Defendants oppose the motion.  Opp'n, ECF No. 57.


II.   OPINION

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows

why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc) ("AMAE"). If the court declines to award costs, it must "specify reasons" for denying costs. AMAE, 231 F.3d at 591-92 (citing Subscription Television, Inc. v. S. California Theater Owners Ass'n, 576 F.2d 230, 234 (9th Cir. 1978)). A losing party's "limited financial resources" is a valid reason for declining to award costs to a prevailing party. Id. at 592.

Plaintiff argues that the award of costs here is inequitable because Logan is retired, has no present source of income beyond her retirement savings, and her financial resources are very limited compared to those of the prevailing parties. Mot. at 3. Plaintiff did not submit an affidavit or other evidence demonstrating an inability to pay the costs taxed. Defendants, however, have provided ample support from the record suggesting Plaintiff has the financial resources to pay the $6,735.41 in costs. Opp'n at 3-4.

The Court finds that an award of costs is not inequitable. Moreover, Plaintiff's reliance on AMAE, in which the Ninth Circuit upheld the denial of costs where the losing party had limited financial resources, is misplaced. In AMAE, unlike here, the record demonstrated that the losing party's resources were limited and the costs taxed were extraordinarily high. AMAE, 231 F.3d at 593. The Ninth Circuit also emphasized that, rather than being an "ordinary" case in which "costs are to be awarded as a matter of course," AMAE was an "extraordinarily important" case presenting "issues of the gravest public importance" with the potential to affect "tens of thousands of Californians and the

state's public school system as a whole." Id.  While every case is important, particularly to the litigants, this case is not the type of "extraordinary" case described in AMAE.

Thus, after carefully reviewing and considering Defendants' Bill of Costs, Plaintiff's Motion, and Defendant's Opposition, this Court finds that the taxation of costs against Plaintiff in the amount of $6,735.41 is reasonable.

### III.  ORDER

For the reasons set forth above, this Court DENIES Plaintiff's motion (ECF No. 53) and sustains the award of costs (ECF No. 52).

IT IS SO ORDERED.

Dated: February 19, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE